MUDGETT v. DAY.

An agent for the collection of a note is confined to the taking of money in pay-
ment, and has no power, unless special authority is given, to take goods in pay-
ment.
The maker of the note having knowledge of the agency, is bound to inquire into
the extent of the powers of such agent.

APPEAL from the Sixth District, County of Sacramento.

This was an action upon a promissory note made by the defendant
and payable to the plaintiff or bearer. The note was dated on the
twenty-first of September, 1857, and by its terms was to become due
on the first day of January, 1858. The suit was commenced on the
first of February following.

The defense set up was, that one Charles D. Humphries was the
owner and holder of the note, and that he had agreed with defendant,
prior to the maturity of the note, for a valuable consideration, to
extend the time for the payment of the same, which extended time
had not expired when the suit was commenced, and also that defend-
ant had an offset to the note as against Humphries.

The other facts sufficiently appear in the opinion of the Court.

*Smith & Hardy* for Appellant.

*Latham & Sunderland* for Respondent.

BALDWIN, J., delivered the opinion of the Court—FIELD, J., con-
curring.

Day made his note to Mudgett or bearer, for $278. It seems that
the plaintiff put this note in the possession of one Humphries, and
before it was due, as his agent, Humphries made an agreement, in his
own name, with Day, for 1,272 pounds of barley, " to be credited on
Mudgett's note in Humphries' hands." It appears that Day after-
wards had express notice of the character in which Humphries acted ;
that he requested Humphries to extend the time of payment, which
Humphries told him he had no authority to do. The inference from

this is, that he considered the contract with Humphries not obligatory on Mudgett.

Judgment was given for the plaintiff; and rightly. Day having been apprised that Humphries only held the note for collection, and as the agent of Mudgett, as is clearly indicated by the agreement, was bound to inquire into the extent of his agency. He was bound to ascertain whether he had any right to make such an agreement as that set up in defense. There was no proof that he had. An agent for the collection of a note is confined to the taking of money in payment, and has no power to make executory contracts of this sort unless special authority be given, of which there is no proof.

Judgment affirmed.