[No. 3,785.]

# A. LANGENBERGER, L. BLOCHMAN, J. CERF and B. DREYFUS·v. H. KRŒGER.

Alteration in a Draft.—If a person who has no authority to do so, and who is not the agent for the payee for that purpose, writes across the face of a draft, payable generally in money, the words "payable in United States gold coin, it is not such an alteration of the draft as vitiates it.

Draft Payable in Currency.—A draft which does not specify the particular kind of money in which it is payable may be paid in legal tender notes.

Evidence of Kind of Money Draft is Payable in.—If a draft does not specify the kind of money in which it is payable, evidence cannot be introduced that it was understood and agreed that it should be paid in either gold or silver, nor can a mercantile usage make it payable in gold or silver.

Demand of Payment of Draft.—If a draft does not specify the kind of money in which it is made payable, a demand of payment in gold coin, whether by a notary or the holder, is not sufficient to charge the drawer.

Idem.—In the absence of evidence to the contrary, the presumption is that a notary demands payment of a draft in the currency in which it appears on its face to be made payable.

Idem.—A demand on the drawee of the payment of a draft does not charge the drawer, if the demand is not in accordance with the tenor of the draft.

Appeal from the District Court, Seventeenth Judicial District, County of Los Angeles.

The following is a copy of the draft sued on:

" $622 00.  Mr. Leopold Kahn, No. 821, Mission street, "San Francisco: Please pay to Mr. Langenberger, Bloch-"man & Co., or order, the sum of six hundred and twenty-

"two dollars, on March 15th, 1872, without grace, and "charge the same to account of

"A. KRŒGER.

"Anaheim, Feb'y 23d, 1872."

The plaintiffs were doing business under the firm name of Langenberger, Blochman & Co. The defendant had funds in silver in the hands of the drawee sufficient to meet the draft, but had no gold or currency.

The Court below held that the words in red ink across the face of the draft made a material alteration in the draft, and that the plaintiff was not entitled to recover.

The other facts are stated in the opinion.

*Glassell, Chapman & Smith,* for the Appellants, argued that the words written across the face of the draft, were not a part of it, and were not an alteration in it, and cited *Carr* v. *Welch,* 46 Ill. 89.

*V. E. Howard,* for Respondent, argued that, as it appeared that the plaintiffs authorized a demand of payment in gold coin, it was to be presumed that they authorized the alteration, and that the alteration was material, and cited Story on P. Notes, (Sec. 408,) and the Civil Code, (Sec. 1700,) and that the custom to pay in gold could not control the law.

By the Court, CROCKETT, J.:

The defendant, residing at Anaheim, made and delivered to one Smith, for the plaintiffs, a draft on Leopold Kahn, of San Francisco, for six hundred and twenty-two dollars, payable to the order of the plaintiffs, but specified no particular kind of money in which it was to be paid. On receiving the draft, Smith, without the authority of the defendant, and so far as the evidence shows, without the knowledge or authority of the plaintiffs, wrote across the face of it in red ink, the words "payable in United States gold coin." The Court finds, that on receiving the draft at San Francisco, the plaintiffs presented it to Kahn, and demanded payment in gold coin, which he refused; but ten-

dered payment in silver coin, which the plaintiffs declined to accept. Thereupon the draft was delivered to a notary, who presented it to Kahn for payment, which was refused, and the draft was protested, of which the defendant was duly notified. There is nothing to show that payment was tendered to the notary in silver or currency, nor any direct evidence that he demanded payment in gold. All the direct evidence in respect to the demand and protest by the notary, is contained in his official certificate, in which he states that he demanded payment, and that it was refused.

The action is to recover the amount of the draft, and a judgment having been entered for the defendant, the plaintiffs appeal.

There was no evidence as to the nature or extent of Smith's agency for the plaintiffs; nor any tending to prove that when they presented the draft for payment and demanded gold, they had any notice or information that the words across the face of the draft were written without the authority of the drawer. In the absence of all proof on the point, it cannot be inferred that Smith was acting within the scope of his agency, in writing these words across the draft; and the plaintiffs are not bound by or responsible for his unauthorized act, unless they subsequently adopted and ratified it, with a knowledge of all the facts; and there was no proof of such ratification. It was, therefore, the unauthorized act of a stranger, having no interest in the transaction, and did not vitiate the draft. But in order to hold the drawer, it was incumbent on the plaintiffs to make a proper demand of payment, and to give due notice of non-payment. As the draft specified no particular kind of money in which it was payable, it might have been paid in legal tender notes; and it was not competent for either of the parties to prove by parol, that it was understood and agreed that it should be paid either in gold or silver. To admit such evidence, would be to contradict or vary the written instrument; and proof of a mercantile usage cannot supercede a positive rule of law. The drawee was, therefore, at liberty to pay the draft in legal tender notes; and if the plaintiffs demanded payment in gold only,

this was not a sufficient demand. They were authorized to demand payment according to the tenor of the draft and not otherwise; and if the demand was limited to gold coin, it was not sufficient to hold the drawer. It is said, however, that it appears from the certificate of the Notary that he demanded payment generally; and that the presumption is he performed his duty, and demanded payment according to the tenor of the draft, disregarding the words "payable in United States gold coin," written across the face of it. The finding on this point is not very satisfactory, and is to the effect that the draft was duly presented by the Notary, and payment was demanded and refused, and notice duly given; and then the Court adds, but there is no evidence that he notified the payee (meaning doubtless the drawee) to disregard the words "payable in United States gold coin," or that he did not demand gold coin. In effect, this is a finding that in the opinion of the Court, the demand by the Notary was for gold coin, a conclusion which, we think, was justified by the evidence. The plaintiffs demanded payment in gold, and now assert in their complaint that such was the understanding of the parties; and when payment in that currency was refused, they placed the draft in the hands of the Notary, without instructions, so far as the proof shows, in respect to the nature of the demand he was to make. Finding the words "payable in United States gold coin" written across the face of the draft, he doubtless concluded, (and very naturally), that they were placed there by the authority of the drawer. The plaintiffs believing they were entitled to demand gold, had declined to accept payment in silver, and it is altogether improbable that they would have received legal tender notes, which were still less valuable. Under these circumstances, there is a strong presumption that the Notary was instructed to demand gold. But if he had no instructions except to demand payment, it could not reasonably be inferred that he disregarded the words written across the face of the draft. In the absence of evidence to the contrary, the presumption is he demanded payment according to the face of the draft, which was apparently payable in

gold coin.  A demand of this character by the Notary was not more effectual to charge the drawer than a similar demand by the plaintiff.  The vice of the demand is that it is not in accordance with the tenor of the draft, as drawn by the maker; and in the absence of a proper demand, there is nothing to charge the drawer.

Judgment and order affirmed.

Mr. Justice RHODES did not express an opinion.