[No. 7,421.—Department One.]

## E. W. DEAN *v.* NELLIE T. BASSETT et al.

RATIFICATION OF ACT OF AGENT—ESTATE.—A principal is not bound by his approval of an act of an agent already done, made under a misapprehension of the real nature of the facts.

APPEAL from a judgment in favor of the defendants, and from an order denying a new trial, in the Superior Court of Santa Barbara County. HEACOCK, J.

*W. C. Stratton*, for Respondent.

The instruction objected to is correct. The principal who ratifies the acts of his agent must be made acquainted with the character of those acts. (*Billings* v. *Morrow*, 7 Cal. 171; Wharton on Agency, § 65; 1 Parsons on Contracts, 152.)

The COURT:

The Court instructed the jury:

"The acts of an agent can be ratified only after full knowledge of those acts, and the principal must know the character of the acts to be ratified, otherwise a ratification is void. If a ratification be made under misapprehension of the full scope of acts, it is voidable to the extent of the mistakes, and the party can be relieved so far as there was a mistake to the act."

The comment of appellant's counsel is:

"The second clause of the instruction informs the jury to the effect that if Mrs. Bassett was under a misapprehension as to any of these transactions, she might retract her ratifications as to them, and be relieved from liability to the extent to which she was mistaken as to what plaintiff had done for her.

"But the first clause informs the jury to the effect that she did not have full knowledge of his acts; i. e., knowledge of all the transactions in question; any ratification she may have made was wholly inoperative. This, we contend, is erroneous."

The idea might, perhaps, have been better expressed, but we are of opinion that the instruction conveyed to the jury the proposition that an alleged principal was not bound by an approval of an act already done, made under a *misapprehension*

of the real nature of the facts; that, to constitute a ratification, the principle must be acquainted with that which has actually *been done.* This was not error.

Judgment and order affirmed.

THORNTON, J., concurred in the judgment.