---

[No. 19225.   Department Two.—February 24, 1894.]

GIOBATTI SOLARI, RESPONDENT, *v.* S. P. SNOW, APPELLANT.

EVIDENCE—ADMISSION—UNVERIFIED COMPLAINT—HARMLESS ERROR.—An unverified complaint signed alone by the attorney of plaintiff, without proof that the plaintiff had any notice of its contents, is not admissible against the plaintiff as evidence of his admission of facts stated therein, or to contradict his testimony to the contrary on the trial of another case; but where it affirmatively appears from the record upon appeal that defendant could not have been injured by its admission, a judgment against him will not be reversed for such error.

ID.—DEED BY ASSUMED ATTORNEY IN FACT—NOTICE TO PURCHASER.— Where a deed purporting to be from the plaintiff to the defendant of the property in question, was signed by one of the grantors as the assumed attorney in fact of the plaintiff, he having no authority to execute it for the plaintiff, such deed is of itself sufficient to charge the defendant with notice of the character and extent of plaintiff's interest in the property, and of such pretended relation of agency, at and prior to the purchase of the property by the defendant, and he takes it subject to plaintiff's interest therein.

APPEAL from a judgment of the Superior Court of Santa Barbara County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*B. F. Thomas,* and *E. B. Hall,* for Appellant.

*Richards & Carrier,* for Respondent.

FITZGERALD, J.—Action to quiet plaintiff's title to the land described in the complaint against the claims of defendant; and for the recovery of the possession thereof; also to cancel a tax deed issued to defendant therefor as a cloud on plaintiff's title; and for rents and profits, and damages for withholding.

Plaintiff had judgment, and defendant appeals from the judgment and the order denying his motion for a new trial.

The evidence shows that plaintiff was the owner of the property described in the complaint at the date of its purchase by the defendant. This being so, it is only necessary to consider but two of the questions discussed by counsel in their briefs, as their decision necessarily disposes of the others raised by the record on this appeal.

These questions are:

1. Did Domingo Grondoma who joined—individually and as attorney in fact of plaintiff—with his wife and son in the execution of the deed to defendant of the premises in controversy sustain or claim to sustain at and prior to the execution thereof the relation of attorney in fact to plaintiff?

2. If so, did defendant purchase said property with notice, either actual or constructive, of such relation, and of plaintiff's ownership thereof?

On these questions the court in its decision found adversely to appellant, and as the findings thereon, as well as the other findings attacked by the specifications, are fully justified by the evidence, they will not, under the

well-established rule of this court, be disturbed, unless
the rulings of the court complained of in relation to
the admission and rejection of evidence bearing upon
these questions were erroneous.

There are thirty assignments of error claimed to have
been committed by the court during the trial of the
cause, but the only one necessary to be noticed, the
others being immaterial or unimportant, is the one re-
lating to the admission, against defendant's objection, of
an unverified complaint signed by the attorney alone,
the contents of which were not shown to have been
known to the plaintiff therein, filed September 1, 1887,
in a certain action brought in the superior court of
Santa Barbara county, notice of which was thereafter
duly recorded and filed, wherein the said Domingo
Grondoma was plaintiff, and his son, Jose H., and
Encarnacion, the wife of the said Domingo, were de-
fendants.

That action, which was dismissed on the day after
the execution of the deed to defendant herein, was
brought to set aside and vacate, on the ground of fraud,
two deeds to the property in question, one a deed of
gift executed by Domingo to his son, Jose H., convey-
ing to him the whole of said property; the other, also a
deed of gift, from Jose H. to his mother Encarnacion,
conveying to her a part thereof.

The complaint in that action contained the allega-
tion, among others, that said Domingo Grondoma was
"at all the times hereinafter mentioned the duly ap-
pointed, qualified and acting administrator, and trustee,
of the estate of Giobatti Solari, who is civilly dead, and
the real property hereinafter described belongs to said
estate." The property referred to is the property in-
volved in this action.

This complaint was offered and admitted in evidence,
against defendant's objection, for two purposes: 1. As
an admission by Domingo Grondoma of the relation
which he claimed to sustain to plaintiff, thereby contra-
dicting his testimony at the trial on that point; and 2.

To charge the defendant with notice of the contents thereof.

The complaint was clearly inadmissible as evidence for either purpose, for the reason that it was unverified and not signed by the plaintiff therein, and not shown that he had any knowledge of its contents. But it affirmatively appears from the record that defendant could not have been injured by its admission, as the evidence, independent of the complaint, was overwhelming in support of the finding that defendant purchased the property with full knowledge of plaintiff's ownership, and of Domingo Grondoma's assumed relation to him as his attorney in fact in connection therewith. The deed to defendant of the property in question was signed by the said Domingo as the attorney in fact of plaintiff. This was, of itself, sufficient to charge the defendant with notice of the character and extent of plaintiff's interest in the property, and of Grondoma's pretended relation to him, at and prior to the purchase of the property by the defendant, and he took it subject to such interest.

Judgment and order affirmed.

DE HAVEN, J., and MCFARLAND, J., concurred.

Hearing in Bank denied.