[Civ. No. 2246. First Appellate District.—December 17, 1917.]

## M. R. DOZIER, Respondent, v. NATIONAL BORAX COMPANY et al., Defendants; L. W. DAKE, Appellant.

CONTRACT—EXCHANGE OF CORPORATE STOCK—ALTERNATIVE CONDITIONS— DEMAND.—In view of section 1448 of the Civil Code, which provides that if an obligation requires the performance of one of two acts, in the alternative, the party required to perform has the right of selection, unless it is otherwise provided by the terms of the obligation, where a contract calls for the delivery within a certain time on demand of either corporate stock or a named sum upon the

surrender of certain other stock, a demand for the named sum only is insufficient, since it is incumbent upon the demanding party to make the demand in the alternative, section 1449 providing if the party having the right of selection between alternative acts does not give notice of his selection to the other party, the latter has the right of selection, being applicable, since until a proper demand is made there is no right of selection.

ID.—INTERLINEATION OF PHRASE CREATING ALTERNATIVE OBLIGATION—MATERIAL ALTERATION OF CONTRACT.—Authority to fill in the blank spaces in an executed agreement for the exchange of corporate stock, such spaces being the name of the other contracting party and the number of shares of stock, does not include the authority to interline a phrase creating an alternative obligation to deliver the stock or cash, and such an interlineation works a most material alteration of the contract.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   E. P. Shortall, Judge.

The facts are stated in the opinion of the court.

Duryea & Bantel, for Appellant.

Thomas B. Dozier, and Eric G. Scudder, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of plaintiff for the sum of two thousand seven hundred dollars and costs in an action to recover said sum upon an alleged written contract upon which the appellant Dake was a surety.

The facts of the case, in so far as they are undisputed, are as follows: The appellant L. W. Dake and one Max P. Fries were interested together as stockholders and directors in the National Borax Company, a corporation, of which the said Max P. Fries was president and manager. In the month of February, 1913, a transaction was pending between Max P. Fries, as president of the National Borax Company, and M. R. Dozier, the plaintiff and respondent herein, involving an exchange of certain corporate stock, in which transaction, when the terms thereof were reduced to writing, the plaintiff had insisted that the said L. W. Dake should sign such writing as a surety for the performance of the agreement which was to be contained therein.   On February 13, 1913, Max P. Fries requested said Dake to sign and acknowledge, and the latter did sign and acknowledge, the following document:

"_____.
"_____.

"One year after date upon demand, we or either of us, hereby agree to deliver to ————, ———— shares of the capital stock of the California State Life Insurance Company, upon surrender to the undersigned or either of them, of his certificate of ———— shares of the capital stock of the National Borax Company.

"(Corporate seal)        NATIONAL BORAX COMPANY,
                "MAX P. FRIES,
                        "Pres. & Gen'l Mgr.
                "L. W. DAKE.
"(Acknowledgment of L. W. Dake.)"

This agreement in blank, when so signed by Dake, was delivered by him to Fries, who took the same to Woodland, the home of the plaintiff, and there the transaction was consummated between himself, acting on behalf of the National Borax Company, and the plaintiff, the said Fries, writing into the above document as executed by Dake words which caused it to read as follows:

                "Woodland, California.
                "February 25th, 1913.

"One year after date upon demand, we or either of us, hereby agree to deliver to M. R. Dozier $200 cash and 140 shares of the capital stock of the California State Life Insurance Company, or $2700.00 cash upon surrender to the undersigned or either of them, of his certificate of 250 shares of the capital stock of the National Borax Company.

"(Corporate seal)        NATIONAL BORAX COMPANY,
                "MAX P. FRIES,
                        "Pres. & Gen'l Mgr.
                "L. W. DAKE."

The words "or $2,700.00 cash" in the foregoing form of the completed document were not written into any blank space therein, but were interlined at the place in which they appear in the handwriting of Fries.

A year later, and on February 25, 1914, the said plaintiff demanded of the National Borax Company and also of the said L. W. Dake the payment of the two thousand seven hundred dollars mentioned in said agreement, and at the same time offered to deliver and surrender to each or both of them the certificate for 250 shares of the National Borax Company

as provided for therein. This demand not being complied with, the plaintiff instituted this action for the recovery of said sum. The defendant National Borax Company was never served with process in the action and never appeared therein, but the defendant L. W. Dake being served, appeared with a demurrer to the sufficiency of the complaint, which demurrer being overruled he answered, denying the execution of the instrument sued on in so far as the insertion of the words "or $2700.00 cash" was concerned, and affirmatively alleging that in the insertion thereof in said document said Max P. Fries acted without the authority of said defendant Dake and without his knowledge and consent.

Upon the trial of the cause the court rendered its findings and judgment in plaintiff's favor, and from said judgment and from an order denying defendant's motion for a new trial the said defendant L. W. Dake prosecutes this appeal.

The first point made by the appellant involves the sufficiency of the complaint. The plaintiff in his said complaint set forth *in haec verba* the instrument upon which he depended for a recovery. He then averred that on the twenty-fifth day of February, 1914, he demanded from each and both of said defendants, the signers of the same, the sum of two thousand seven hundred dollars cash, at the same time offering to deliver the 250 shares of the capital stock of the National Borax Company duly indorsed. The appellant insists that this averment of the plaintiff's demand is insufficient to form a basis for the present action, for the reason that by the terms of the writing as set forth in the complaint the defendants were given an option to deliver to the plaintiff upon his demand either the sum of two thousand seven hundred dollars in cash, or two hundred dollars in cash and 140 shares of the California State Life Insurance Company; and hence that the plaintiff's demand should have been as broad as the defendant's said option. The respondent, on the other hand, contends that under the terms of the said writing the option and election was his to determine which of the two alternatives stated in the agreement he would require to be performed; and that he had elected to require and demand the cash payment of two thousand seven hundred dollars.

We do not think the writing in question will bear the construction for which the respondent contends. Section 1448 of the Civil Code provides as follows: "If an obligation requires the performance of one of two acts, in the alternative,

the party required to perform has the right of selection, unless it is otherwise provided by the terms of the obligation.'' In view of this section of the code, and under the clear terms of the writing itself, we are constrained to hold that the defendants and not the plaintiff had the option to determine which one of the two alternatives of their agreement they would elect to perform. The only election which this writing gives the plaintiff is that of determining whether he will insist upon its terms at all, for it will be noted that the agreement is unilateral in the respect that the plaintiff is not required to surrender to the defendants the 250 shares of the stock of the National Borax Company, unless at the expiration of one year from the date of the writing he shall elect so to do, and shall manifest his election by making the alternative demand for which the writing expressly provides. It was, therefore, incumbent upon the plaintiff to make and aver his demand as broadly as the writing requires; and hence to have alleged a demand upon the defendants for the performance in the alternative by them and each of them of their agreement. The complaint does not allege that the plaintiff ever made this demand.

The respondent, however, contends that at the time of the commencement of his action the right of election under the agreement in question had passed to him by virtue of section 1449 of the Civil Code, which section reads as follows: ''If the party having the right of selection between alternative acts does not give notice of his selection to the other party within the time, if any, fixed by the obligation for the purpose, or, if none is so fixed, before the time at which the obligation ought to be performed, the right of selection passes to the other party.'' The answer to this contention, however, is that according to the terms of the agreement there was no obligation, right, or duty reposed in the defendants herein to do anything in the way of an offer of performance of either one of the alternative conditions of said agreement to be by them performed until the plaintiff, by making a proper demand therefor, had set in motion both the duty of the defendants to offer to perform one or other of the said alternatives, and the right of said defendants to a surrender by plaintiff of his certificate of 250 shares of the capital stock of the National Borax Company. It was, therefore, first incumbent upon the plaintiff to make a proper and sufficient demand,

and this, as we have seen, he is not alleged in the complaint to have done.

It follows that the complaint herein was insufficient in this respect to state a cause of action, and hence that the trial court was in error in overruling the defendant's demurrer upon that ground.

The second point urged by the appellant herein is that there was no sufficient evidence to sustain the findings of the trial court to the effect that the appellant, L. W. Dake, authorized Max P. Fries, as his agent, to complete a pending negotiation with the plaintiff to the extent of binding the former to the alternative of paying the sum of two thousand seven hundred dollars, or of inserting in the agreement which he had already executed the words "or $2,700 cash." We have scrutinized this record carefully for the purpose of discovering such evidence if it exists sufficient to sustain the finding of the trial court in this regard, and have been unable to do so. The plaintiff and the defendant, Dake, never met prior to the execution of the writing in question, nor in fact thereafter until the time of the trial of the case. The plaintiff himself expressly deposes that the terms and conditions of the agreement between himself and Max P. Fries, acting for the National Borax Company, had been fully understood and agreed to prior to February 24, 1913, the date when Dake executed the writing in the form in which it was at the time he signed the same and prior to the filling in of its blank spaces and to the interlineation of the words "or $2,700 cash." The only witness who testified on the trial to the understanding between Dake and Fries respecting what the agreement was or was to be when fully filled in is the appellant Dake himself, who swears that there never was any understanding or agreement on his part to pay the sum of two thousand seven hundred dollars to the plaintiff, nor did Fries have any authority from him to insert the words "or $2,700 cash" in the body of the written agreement. The only evidence to which our attention has been directed which countervails this showing is that of plaintiff's counsel and of one or two of his other witnesses respecting conversations had with the defendant Dake after the date of the maturity of said agreement and shortly before the institution of this action. By reference to these conversations the utmost extent to which the alleged admissions of the defendant go is his admission that he had au-

thorized Fries to "fill in the agreement." Such an admission is clearly nothing more than an admission that Fries had authority from Dake to fill in the blank spaces in the agreement, but not to interlineate therein such material matter as the phrase "or $2,700 cash," for the insertion of which not only was there no blank space in the document, but clearly such an addition was not contemplated by its phraseology or form. The interlineation of these words in this writing obviously was an afterthought to its creation, and also obviously works a most material alteration in its terms; and having been confessedly inserted after the execution of the writing by Dake, the burden of accounting for it was cast upon the plaintiff producing the writing and relying upon it as genuine under the express terms of section 1982 of the Code of Civil Procedure. In such case the proof that the alteration in the body and terms of the instrument was authorized by the party affected by it must be clear and conclusive in order that such party may be bound thereby. (*Walsh* v. *Hunt*, 120 Cal. 46, [39 L. R. A. 697, 52 Pac. 115].) The evidence in this case upon which the plaintiff relies to hold the appellant liable upon this altered writing falls far short of this measure, and is clearly insufficient, in our opinion, to sustain the foregoing finding of the trial court.

It follows that for this reason also the contention of the appellant Dake upon this appeal must be sustained.

It is unnecessary to discuss the other points presented upon the appeal from the order denying a new trial.

Judgment and order reversed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 14, 1918.