[Civ. No. 3631.  Second Appellate District, Division Two.—December 5, 1922.]

CHARLES A. HENGEHOLD, Respondent, v. NATIONAL CREAMERY AND PRODUCE COMPANY (a Corporation), Appellant.

[1] CONTRACTS—SALE OF GOODS—TIME OF DELIVERY AND PAYMENT—AUTHORITY OF BROKER.—Where a broker is given authority to sell certain goods, but no terms as to time of delivery or of payment are specified, and thereafter the owner sends to such broker for acceptance by a prospective buyer a written proposal for the sale of such goods which is complete and definite in its terms, such proposal fixes the broker's actual authority in these respects and limits any implied authority to make or consent to any change in those terms.

[2] ID.—AUTHORITY OF BROKER—NOTICE.—Such proposal itself placed the prospective purchaser on inquiry as to the authority of the broker; and if the terms of such proposal did not suit him he

should have ascertained whether .the broker had power to consent to any change therein. He could not rely upon the broker's statements or assumption of authority.

[3] Id.—Knowledge of Change—Ratification—Estoppel.—Lack of knowledge by the owner of a change in the terms of the proposal made by the broker forecloses any claim of estoppel or ratification.

[4] Id.—Signature by Father—Repudiation of Authority.—Plaintiff's father having accepted the proposal in the form it was submitted, but he not having been authorized to act in the premises, and plaintiff having immediately thereafter repudiated the contract in that form, the signing of the proposal by the father did not constitute a contract.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge. Reversed.

The facts are stated in the opinion of the court.

Chas. M. Easton for Appellant.

Edward M. Selby for Respondent.

WOOD, J., *pro tem.*—This action is for damages for breach of an alleged agreement by defendant to deliver certain eggs to plaintiff. Judgment went for plaintiff. Defendant appeals. Various points are raised. Only one need be considered, for it is determinative: Was there a contract of sale between the parties?

One Sherod, the representative of a brokerage firm, knowing that defendant had these eggs in storage, telephoned and received from defendant a price on the eggs and authority as broker to sell them. No terms as to time of delivery or of payment were specified. Later Sherod communicated with defendant, saying he thought he had a buyer, giving the name of plaintiff and requesting that an agreement be mailed to Sherod for acceptance. Defendant thereupon prepared, executed, and transmitted to Sherod, in duplicate, a proposal to sell, directed to plaintiff and with a form for plaintiff's acceptance. The proposal was complete and definite. It provided, among other things, for shipment on plaintiff's order at any time before December 1, 1918, and for payment by sight draft attached to bill of lading. Up to this time plaintiff had not agreed to buy the eggs, though

he and Sherod apparently had talked about them. On August 6th Sherod called upon plaintiff. After agreeing upon the price to be paid for the eggs, plaintiff went into another part of the store, leaving Sherod with plaintiff's father, who, so far as the record shows, had no authority to sign agreements for plaintiff. The father signed the acceptance on both copies, writing "Co-operative Grocery Ass'n, by F. G. Hengehold," wrote a check payable to defendant for $129 upon account of the contract—just why does not appear, for the proposal did not call for it—handed one copy of the signed instrument to Sherod and then called the plaintiff. Plaintiff objected to the provision for December 1st delivery. At his suggestion his father, under the acceptance and over the signature to one of the instruments, inserted the words, "Time of delivery extended to December 31, 1918," and handed the check to Sherod. Thereupon Sherod, according to evidence which, under the findings, the trial court must have adopted and deemed an assent to the interlineation, wrote on the margin opposite it, "O. K. Sherod. Rect. paid $129 August 6–18." Plaintiff kept the altered copy. Sherod transmitted the other to defendant with the check. Defendant had no knowledge that its written proposal had been altered until some time after December 1st, and after it had sold the eggs to other parties. The record contains no evidence from which facts contrary to those just recited may be inferred.

[1] Whatever at the beginning may have been Sherod's implied authority as a broker to fix time of delivery and payment, even indulging the rash presumption that under it he had implied power to make on August 6th a contract under which his principal would be obliged to deliver the eggs to plaintiff and have payment deferred at the latter's option as late as December 31st, it is clear that defendant's written proposal, transmitted to its agent for the buyer's acceptance, fixed the agent's actual authority in these respects and limited any implied authority that he might theretofore have had. Sherod was without actual authority to make or consent to the change made by the interlineation. The unauthorized alteration destroyed the integrity of the instrument as defendant's contract. (*Walsh* v. *Hunt,* 120 Cal. 46 [39 L. R. A. 697, 52 Pac. 115].)

60 Cal. App.—6

No question of ostensible agency is involved, because defendant had no communication or transaction with plaintiff directly. Indeed, he had no dealings with plaintiff except this one through Sherod, and did nothing that would lead plaintiff to believe that Sherod was defendant's agent, except to place in Sherod's hands the form of contract signed by defendant. The implication of this is a denial, not a grant of authority in the agent to change his principal's contract. (*Harris* v. *San Diego Flume Co.,* 87 Cal. 526 [25 Pac. 758]; *Walsh* v. *Hunt, supra.*) [2] By the proposal itself plaintiff was placed upon inquiry. If the proposal as presented did not suit plaintiff he should have ascertained whether Sherod had power to consent to the change. He could not rely upon the agent's statements or assumption of authority. (*Blum* v. *Robertson,* 24 Cal. 140; *Davis* v. *Trachsler,* 3 Cal. App. 554 [86 Pac. 610]; *Pease* v. *Fink,* 3 Cal. App. 371 [85 Pac. 657].)

[3] Lack of knowledge by defendant of the change in the proposed contract forecloses any claim of estoppel or ratification. (*Dean* v. *Bassett,* 57 Cal. 640; *Lindow* v. *Cohn,* 5 Cal. App. 388 [90 Pac. 485].)

[4] Plaintiff's counsel suggests that the proposal, when it was accepted and signed by plaintiff's father and given to Sherod without change, constituted a contract. This cannot be, because plaintiff had not authorized his father to sign for him and immediately repudiated any contract in that form. Furthermore, this action is based upon a contract as evidenced by the altered instrument.

There having been no contract between plaintiff and defendant, there was no foundation for this action, and the judgment must be reversed. It is so ordered.

Finlayson, P. J., and Craig, J., concurred.