[Civ. No. 2444. First Appellate District.—September 14, 1918.]

## W. F. COWAN, as Trustee, etc., Appellant, v. UNION TRUST COMPANY OF SAN FRANCISCO (a Corporation), et al., Respondents.

TRUSTS AND TRUSTEES — INVOLUNTARY TRUST — ACTION TO CHARGE TRUSTEES—LACHES.—Where in an action to charge the defendants as trustees under section 2224 of the Civil Code, the evidence shows, without conflict, that with full knowledge of all the facts, the plaintiff at first disclaimed any intention of asserting title, and did not, till three years, four months, and thirteen days thereafter attempt to assert any title, and the record does not contain any excuse for this great delay, these facts found by the court constitute a complete defense and the trial court properly found that the plaintiff's claim was barred by the plaintiff's laches.

ID.—LENGTH OF TIME NECESSARY TO CONSTITUTE LACHES—DISCRETION OF COURT.—The question of what length of time will constitute a defense on the ground of laches must necessarily be determined by the circumstances of each case, and is addressed to the sound discretion of the chancellor.

APPEAL from a judgment of the Superior Court of Sonoma County. Thomas C. Denny, Judge.

The facts are stated in the opinion of the court.

Fred S. Howell, for Appellant.

A. H. Crook, H. F. Peart, and Byrne & Lamson, for Respondents.

STURTEVANT, J., *pro tem.*—The plaintiff claims this action to be one brought to charge the defendants as trustees as provided in section 2224 of the Civil Code and in this behalf he seeks to recover a money judgment for $2,674. The defendants appeared and answered and a trial was had on the facts. Judgment was ordered for the defendants. The appeal is from the judgment and is supported by a bill of exceptions.

The answers alleged, and the trial court found, that the plaintiff's claim was barred by the plaintiff's laches. In support of the defense of laches much evidence was introduced.

It is not conflicting. It shows that an ever decreasng fund existed from 1896 down to the date of trial; that each defendant, at one time or another, had the handling of some of the moneys; that no defendant profited any sum whatever out of it; that every cent was paid over to Jean Pyatt, the beneficiary; that as early as May 2, 1911, the plaintiff could have legally asserted a claim to the residue; that with full knowledge of all of the facts, the plaintiff at first disclaimed any intention of asserting title, and did not, till three years, four months, and nineteen days thereafter, attempt to assert any title. The record does not contain any excuse for this great delay. We think the facts found by the trial court constitute a complete defense. (*Cahill* v. *Superior Court*, 145 Cal. 42, 44, [78 Pac. 467] ; *Marsh* v. *Lott*, 156 Cal. 643, [105 Pac. 968].) The question as to what length of time will constitute a defense on the ground of laches must necessarily be determined by the circumstances of each case, and is addressed to the sound discretion of the chancellor. In the light of the above-mentioned facts, the discretion of the chancellor certainly was not abused. The judgment is affirmed.

Lennon, P. J., and Beasly, J., *pro tem.*, concurred.