[S. F. No. 9705. In Bank.—December 20, 1921.]

## CALIFORNIA PACKING CORPORATION (a Corporation), Appellant, v. H. LARSEN, Respondent.

[1] CONTRACT—MUTUAL MISTAKE—RELIEF—PLEADING AND EVIDENCE.—
A defendant may plead and prove a mutual mistake in the making of a contract which is sought to be enforced against him and be entitled to relief therefrom without asking for a reformation of the contract or having the same reformed.

[2] ID.—SUFFICIENCY OF EVIDENCE—QUESTION FOR TRIAL COURT.—The sufficiency of the evidence to justify the reformation of a contract on the ground of mistake is a question for the trial court.

[3] ID.—WRITTEN CONTRACT FOR SALE OF FRUIT CROP—MUTUAL MISTAKE—AMOUNT SOLD—SUFFICIENCY OF EVIDENCE.—In this action for damages for the alleged breach of a written contract for the sale and delivery of one-half of the fruit crop, the finding that there was a mutual mistake in the minds of the parties as to the terms and scope of the contract is held sufficiently supported by the evidence.

APPEAL from a judgment of the Superior Court of Fresno County. M. F. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Short, Lindsay & Woolley and Pillsbury, Madison & Sutro for Appellant.

Harris & Hayhurst and Julius Hansen for Respondent.

THE COURT.—This action was brought by the plaintiff for the recovery of the sum of $387.50, damages alleged to have resulted from the failure and refusal of the defendant to deliver to plaintiff one-half of a crop of apricots, amounting in all approximately to four tons, grown upon the premises owned by the defendant.

1. Mutual mistake as ground for reformation of written instruments, notes, 30 Am. St. Rep. 621; 117 Am. St. Rep. 227; 3 Ann. Cas. 444.

2. Sufficiency of evidence to warrant reformation of instrument on ground of mutual mistake, note, 19 Ann. Cas. 343.

The plaintiff alleged that the said defendant entered into a written contract with it for the sale and delivery of the whole of said fruit, but only delivered one-half thereof under said contract and failed and refused to deliver the other half thereof, to its damage in the sum stated.

The written contract between the parties relating to the sale and delivery of said fruit is attached to and made a part of the complaint. The defendant in his answer denied the execution of said contract in the form and effect averred by the plaintiff and further affirmatively set forth substantially the following facts: That as the owner of the premises upon which the apricot crop in question was grown he had, some time before the contract for the sale of said fruit was made between the plaintiff and himself, entered into a lease of said premises with one Poulson, who went into possession thereof; that by the terms of said lease each of the parties thereto was to receive one-half of the crops grown on said premises, and each was to have the right to sell his one-half thereof; that on the date on which the contract between himself and the plaintiff was signed one Pilegard, a purchasing agent of the plaintiff, came to said premises and requested the defendant to sell to plaintiff the crop of apricots growing thereon; that thereupon the defendant fully explained to the said agent of the plaintiff that the said premises were leased to the said Poulson, and that he, the defendant, had only the right to sell one-half of the said apricot crop and would not agree to sell any more than one-half thereof; that thereupon and with that understanding the defendant signed the memorandum of agreement which the said agent of the plaintiff then prepared, it being fully understood and agreed between himself and the said agent of the plaintiff that the "crops" mentioned in said agreement referred only to the portion of the crop which the defendant could sell, viz., the one-half thereof; that by mistake on the part of the said Pilegard he failed to write into said agreement that the defendant was selling only one-half of the crop, and that at said time said Pilegard fully knew and understood that the defendant intended to sell only one-half thereof. The defendant further averred that he had fully delivered to plaintiff the one-half of said crop so sold and agreed to be delivered by him and has fully performed the terms of his said contract to be by him performed. The defendant prayed that

plaintiff have nothing by its action and that he have judgment for his costs. Upon the trial of the cause the defendant testified fully in support of the foregoing affirmative averments of his answer and was supported therein by other testimony and evidence.

Upon the submission of the case the trial court found that all the foregoing averments of the defendant's answer were true, and as a conclusion of law therefrom found that the plaintiff should take nothing by its action and that the defendant should have judgment in his favor and for his costs. From the judgment entered in conformity with these findings the plaintiff prosecutes this appeal.

It is conceded by the appellant upon the threshold of its argument herein that there is but one issue upon this appeal, and that is as to "whether or not the evidence sustains the findings of the court that the parties made a mutual mistake in executing the agreement sued on." This concession takes out of review all questions as to the sufficiency of the averments of the defendant's answer as to a mutual mistake of fact attending the execution of the contract in question, and it must, therefore, be taken as conceded that, had the defendant asked for affirmative relief in the way of the reformation of said contract, he would, if the proof had supported his averments, have been entitled to such relief. [1] It was not necessary for the defendant to ask for such relief, since this court has held that a defendant may plead and prove a mutual mistake in the making of a contract which is sought to be enforced against him, and be entitled to relief therefrom without asking for a reformation of the contract or having the same reformed. (*Newman* v. *Lassing*, 141 Cal. 174, [74 Pac. 761]; *Field* v. *Austin*, 131 Cal. 379, [63 Pac. 692]; *Toby* v. *Oregon Pacific Ry.*, 98 Cal. 490, [33 Pac. 550]; Pomeroy's Equity Jurisprudence, 4th ed., sec. 868.) The case of *Bradbury* v. *Higginson*, 167 Cal. 553, [140 Pac. 254], cited by the appellant, is not in conflict with the foregoing cases, since in that case a rescission was affirmatively pleaded and sought, and the court was dealing with the sufficiency of the averments and proofs to justify a rescission of the contract, and was not dealing with the question of defensive relief where a right of reformation was sufficiently pleaded and shown.

[2]   We are thus brought to the second question presented by the appellant herein, which is as to the sufficiency of the evidence educed by the defendant to establish a mutual mistake in the execution of the contract for the sale of the fruit in question. The appellant insists that the evidence which will be sufficient to justify the reformation of a contract upon the ground of mistake must be clear and convincing. Assuming that the rule for which the appellant contends would have application to the attitude of the trial court toward cases of this character, we are satisfied that in this case there was clear evidence of a mistake, and whether or not it was convincing was entirely a question for the trial court. (*Wadleigh* v. *Phelps*, 149 Cal. 627, 637, [87 Pac. 93]; *Mahoney* v. *Bostwick*, 96 Cal. 53, [31 Am. St. Rep. 175, 30 Pac. 1020]; *De Kahn* v. *Chase*, 177 Cal. 281, [170 Pac. 608].)

The evidence which the defendant presented to the trial court sufficiently showed the following facts in this case. The defendant, as the owner of the premises upon which the apricot crop in question was grown, had leased the same to one Poulson under a cropping lease which gave the latter possession of the premises with the right to one-half of the fruit grown thereon, each of the parties to said lease having the right to sell his one-half of said fruit. On the day upon which the contract between plaintiff and the defendant was entered into, the plaintiff's agent approached the defendant with an offer to buy said fruit. The defendant informed him that he had only the right to sell one-half of the apricot crop. The agent understood at the time that Poulson was the defendant's lessee under a cropping contract entitling him to one-half of the fruit crop grown on the premises. He went away for the stated purpose of securing the consent of his principal to purchase the defendant's fruit, and a few hours thereafter returned, bringing with him the usual printed form of contract for the buying of fruit crops, which he proceeded to fill out with the few written words requisite to give it application to the defendant's fruit, and passed it to the defendant to sign. The defendant did not read the contract closely, for the reason that he understood it was to have application to his portion of the fruit crop only, and also because the plaintiff's agent had hurriedly prepared and proffered said contract to him for his signature, and then hastened away to secure contracts

from other fruit-growers, taking the contract with him and not leaving with the defendant any copy thereof. It is urged by the appellant that the fact that the defendant did not read his contract, as it was his legal duty to do, should militate strongly against the right of the defendant to a reformation thereof. But whether or not it does so must depend upon the circumstances of the particular case. This subject was fully discussed by this court in *Los Angeles etc. Co.* v. *New Liverpool Salt Co.,* 150 Cal. 21, [87 Pac. 1029], where, after a full review of the cases, this court said: ''It has been frequently decided that the mere failure of a party to read an instrument with sufficient attention to perceive an error or defect in its contents will not prevent its reformation at the instance of the party who executes it thus carelessly.'' The defendant never saw the contract again until after he had delivered to plaintiff his one-half of the apricot crop, which the latter received and paid for, and thereafter for the first time demanded that he deliver the whole of the crop. The defendant is supported in his testimony as to the foregoing facts by other witnesses called on his behalf, while the evidence of the plaintiff's agent, Pilegard, called on its behalf, tends to support the defendant's story in so far as it shows that he knew at the time the contract was drawn that the defendant was not entitled to sell but one-half of the crop. In so far as the testimony of the defendant and his witnesses is in conflict with the testimony of the plaintiff's agent, Pilegard, it was for the trial court to determine which was to be believed, and its conclusion thereon is not the subject of review here.

[3] We think the finding of the trial court to the effect that there was a mutual mistake in the minds of the parties as to the terms and scope of the written contract for the sale of this fruit was sufficiently supported by the evidence, and, since this is the only question in the case, the judgment is affirmed.

Richards, J., *pro tem.*, Shaw, C. J., Waste, J., Lennon, J., Wilbur, J., Shurtleff, J., and Sloane, J., concurred.