[Sac. No. 4840. In Bank.—July 30, 1934.]

HELEN GRIFFITH, Petitioner, v. THE SUPERIOR COURT OF MENDOCINO COUNTY et al., Respondents.

Charles Kasch for Petitioner.

Taft & Spurr for Respondents.

THE COURT.—A hearing was granted in this case after decision by the District Court of Appeal, Third Appellate District. Upon further consideration, we are satisfied with the determination thereof by the said court, and we hereby adopt the following portions of the opinion of Mr. Presiding Justice Pullen as part of the opinion of this court. It reads as follows:

"Petitioner herein seeks by this writ to review an order of the Superior Court modifying the terms of an interlocutory decree of divorce.

"Pending the divorce trial the parties entered into an agreement for a settlement of their property rights. This agreement, among other provisions, contained the following:

" 'It is mutually agreed between the parties hereto that the wife in consideration of the premises and in considera-

tion of the payment to her of $75.00, and $20.00 per month as hereinafter set forth, does by these presents, grant and convey unto the husband all the right, title and interest in and to all property now owned by the said husband and wife as community property; and in consideration for such release and conveyance by the said wife the said husband agrees to pay to the wife the sum of $75.00 plus the further sum of $20.00 per month in advance on the 10th. day of each calendar month commencing with the date hereof, and the wife hereby acknowledges receipt of the payment of said sum of $75.00, together with the further sum of $80.00 for said monthly payments otherwise due on the 10th. days of July, August, September and October, 1930.' And,

" 'It is further agreed that in the event of the remarriage or death of the wife, that the aforesaid monthly payments of $20.00 shall terminate as of the date of such remarriage or death.'

"Upon her part the wife released the husband from any debts or liabilities owing by each to the other except the payments above set forth; release any right, interest or title as heir at law or otherwise to any property of the husband and waived any claim to contest or oppose the will of the husband or right to homestead allowance, and agreed that in any divorce proceedings pending or hereafter to be brought she would not have the right to recover costs, counsel fees, alimony, support or maintenance, thereby waiving all claims thereto and any claim for future maintenance or support, the agreement being intended as a complete adjustment of all property rights.

"At the trial the defendant failed to appear and his default was entered. Judgment was ordered for plaintiff and the following was entered in the minutes of the court:

" 'An interlocutory decree of divorce was granted plaintiff, property agreement confirmed. Plaintiff was awarded $20.00 per month for support beginning August 1, 1930, until the further order of the court.'

"Subsequently a formal decree was signed by the court and filed in the records thereof, which decree embodied in full the agreement hereinbefore referred to between the parties, but made no reference to an allowance until further order of the court, as appeared in the minutes above.

"A final decree was entered at the expiration of one year, which by reference, adopted the terms of the interlocutory decree. Defendant continued to make payments of $20 monthly as provided in the agreement, but in May, 1933, moved the respondent court to modify the interlocutory decree by reducing the amount of $20 per month allowed therein as permanent support and maintenance, to nothing. This motion was based upon the terms of the minute order, which, as will be noted, provided that payments should continue until terminated by order of court. Upon the hearing thereof the motion was granted, and petitioner being dissatisfied, seeks here to review the order so made, contending that the formal decree submitted to the court and signed by the judge was the order of the court, and that the time had expired within which defendant could move to modify the same."

The lower court in the present proceeding found that the minute order in the divorce proceeding correctly stated the order of the court, in which alimony was awarded, subject to modification by the court. The interlocutory decree as signed omitted the provision that the payments were to be "until the further order of the court", and this omission was found to be a result of clerical misprision. The interlocutory decree was therefore corrected to state the decision of the court as actually rendered. No attack is made upon this conclusion of the lower court with respect ·to the sufficiency of the evidence to support it, and we think that in view of the minute order, it was proper for the lower court to conclude that the interlocutory decree did not purport to order the payment of alimony without any power of modification.

It therefore follows that the court, in accordance with its statutory power, could modify the order for the payment of alimony by ordering the reduction or cessation of payments provided thereunder, and that the exercise of the power in this case was within its jurisdiction. The court could not, of course, and did not attempt to change the terms of the agreement previously entered into and approved by the court in the divorce proceeding, and the terms of that agreement are still binding between the parties, and may be the subject of a civil action for its enforcement.

The order is affirmed.