[Civ. No. 12783. First Dist., Div. Two. Feb. 8, 1945.]

ANN E. TIESO, Respondent, v. CHARLES TIESO, Appellant.

Frederick C. Dewar and J. Emmet Chapman for Appellant.

Alan H. Critcher for Respondent.

DOOLING, J. pro tem.—Defendant appeals from a judgment reforming a property settlement agreement entered into by the parties at a time when they were husband and wife. The agreement which was executed on October 29, 1942, provided for the division of their community property and for the payment of $150 per month by the husband to the wife for the period of three years. The agreement contained the following provision:

. "The first party (wife) agrees to cooperate with second party (husband) in filing such income tax returns for the year 1942 on the community basis for such part of his income which was earned between January 1, 1942, and the date hereof, and to pay her community share of such taxes."

The judgment appealed from decreed the reformation of this provision by adding the words "second party" to the last clause of the sentence quoted to make it read: "and the *second party* to pay her community share of said taxes."

The effect of the reformation is to place the obligation upon the husband instead of the wife to pay the wife's "community share" of the income taxes on the community income received in 1942.

On November 4, 1942, the wife secured an interlocutory decree of divorce from the husband. That decree contained the following language referring to the property settlement: "The court further finds that the parties hereto entered into an agreement in writing, bearing date Oct. 29th, 1942, settling their property rights, and providing for the support and maintenance of plaintiff by defendant for a period of three years

from November 1, 1942, at the rate of $150.00 per month, payable as in said agreement provided. . . .

"It' is further ordered, adjudged and decreed that said agreement concerning the property rights of the parties hereto and the support and maintenance of plaintiff by defendant as provided for therein be and the same is ratified, approved and confirmed, and defendant is hereby ordered to pay to plaintiff the sum of $150.00 per month for three years from November 1, 1942. . . ."

Appellant at the opening of the trial of the present action moved to dismiss it on the ground of lack of jurisdiction of the court for the reason "that the instant action is in effect an action to vacate or modify such Interlocutory Judgment of Divorce and that the time for relief under section 473 of the Code of Civil Procedure had not elapsed at the time of the filing of the instant action . . . and that at such time plaintiff had a full and adequate remedy at law."

The denial of this motion is urged as error. Although not elaborated in his briefs, the basis of appellant's argument must be the assumption that the approval of the agreement in the interlocutory decree has merged the agreement in the decree so as to make the decree res judicata of the terms of the agreement. If this assumption is correct it may be conceded that the agreement so merged in the decree could only be reformed by a modification of the decree itself. An examination of the authorities satisfies us that in this case there has been no such merger.

While the provisions of a property settlement agreement may be so incorporated into a divorce decree as to derive independent effect from the decree itself (*Miller* v. *Superior Court,* 9 Cal.2d 733 [72 P.2d 868]; *Lazar* v. *Superior Court,* 16 Cal.2d 617 [107 P.2d 249]), this is not true where the decree merely refers to and approves the agreement without either setting out the terms of the agreement in the decree, incorporating the agreement by reference or ordering the performance of its terms (*Plummer* v. *Superior Court,* 20 Cal.2d 158 [124 P.2d 5]). Where the decree merely approves the agreement without being in such form as to justify the construction that it orders the performance of its terms the only method of enforcing the agreement is by an independent action in contract. (*Griffith* v. *Superior Court,* 1 Cal. 2d 381, 384 [35 P.2d 371]; *Robertson* v. *Robertson,* 34 Cal. App.2d 113 [93 P.2d 175]; *Sanborn* v. *Sanborn,* 3 Cal.App.2d

437 [39 P.2d 830] ; *Roberts* v. *Roberts*, 83 Cal.App. 345 [256 P. 826] ; *Queen* v. *Queen*, 44 Cal.App.2d 475 [112 P.2d 755].)

An examination of the interlocutory decree here in question shows that it neither incorporates the terms of the agreement by express recital nor by reference; and it contains no order for the performance of any of its terms with the exception of the order for the payment of $150 per month for the period of three years. The provision of the agreement reformed by the judgment here appealed from can neither be found in nor read into the interlocutory decree of divorce.

The interlocutory decree here in question is not distinguishable in this particular from the decree before the court in *Queen* v. *Queen, supra.* In that case the court said (44 Cal. App.2d pp. 479-480) :

"A property settlement although merely referred to in the decree as such, may, under circumstances not necessary to enumerate herein (*Wallace* v. *Wallace,* 136 Cal.App. 488 [29 P.2d 314], become *res judicata,* but it must be sufficiently certain and definite or a reasonable means of ascertaining its terms must be available from the pleadings or evidence (*Moran* v. *Moran,* 3 Cal.2d 342 [44 P.2d 546] ; *Armstrong* v. *Armstrong,* 132 Cal.App. 609 [23 P.2d 50] ; *Wallace* v. *Wallace, supra; Atlass* v. *Atlass,* 112 Cal.App. 514 [297 P. 53] ; *Cohen* v. *Cohen,* 150 Cal. 99 [88 P. 267, 11 Ann.Cas. 520] ; *Ettlinger* v. *Ettlinger,* 3 Cal.2d 172 [44 P.2d 540] ), before it may be enforced and constitute an estoppel between the parties. (1 Freeman on Judgments, p. 126; 14 Cal.Jur., p. 954.) Plaintiff could not have the same rights on the judgment in a divorce case, which while purporting to confirm a property settlement lacks the necessary details thereof, as on a judgment setting forth the terms of the agreement.

". . . Without incorporating the agreement therein (*Moran* v. *Moran, supra*), or referring specifically to its terms, or introducing it in evidence, the decree simply directs that it be performed. . . . The decree in the divorce action could not furnish a basis for execution or for contempt proceedings. (*Lazar* v. *Superior Court,* 16 Cal.2d 617 [107 P.2d 249].) The approval in the decree of the agreement is insufficient to be relied upon in the present proceeding as an adjudication of its terms. However, independent of the decree, it may be a valid agreement."

Similarly the approval in the decree of the agreement herein reformed did not amount to "an adjudication of its

terms," but "independent of the decree, it may be a valid agreement." Since the provision reformed could only be enforced by an action on the contract and could not be enforced by any proceeding under the interlocutory decree we are satisfied that a court of equity had jurisdiction to reform it.

There is nothing in *Leupe* v. *Leupe*, 21 Cal.2d 145 [130 P.2d 697]; *Klebora* v. *Klebora*, 118 Cal.App. 613 [5 P.2d 965]; or *Greenwood* v. *Greenwood*, 101 Cal.App. 736 [282 P. 433], which have been cited by appellant, inconsistent with this conclusion. In each of those cases the rights considered by the court were clearly adjudicated by the divorce decree, and none of them involved the effect of the approval of a property settlement or touched in any way upon the question here presented.

The testimony was conflicting as to the manner of negotiation of the property settlement and the understanding of the parties concerning the provision reformed. The testimony of Mr. Isaacs, who acted as the attorney for the respondent in the divorce action, was that the terms of the settlement were agreed upon by negotiation between himself and appellant's then attorney, Mr. Drobisch. According to Mr. Isaacs' testimony he insisted at all times that appellant should pay the income tax on the 1942 community income, Mr. Drobisch finally said that he would recommend this to his client and later stated to Mr. Isaacs that his client had agreed to this proposal. The written agreement in the form in which it was executed was actually prepared by Mr. Drobisch. Respondent testified that she left the negotiations entirely in the hands of her attorney. Mr. Isaacs further testified that when he examined the written agreement he did not notice the mistake in the provision for the payment of income tax and "that would never have appeared in it if I had." Mr. Isaacs also testified without objection that after demand was made on respondent to pay a portion of the income tax for 1942 he telephoned to Mr. Drobisch and told him: "You understood he was to pay all the tax up to the interlocutory decree;" and that Mr. Drobisch replied: "Certainly, and Charlie knows that too."

This testimony was sufficient to support the judgment. From it the court was entitled to find that Mr. Isaacs, acting with full authority of respondent, and the appellant reached an agreement that appellant should pay all of the 1942 income taxes and that through a mutual mistake the written agree-

ment actually executed did not so provide. ■ While Mr. Isaacs' testimony of Mr. Drobisch's statements concerning his client's agreement and understanding might have been excluded as hearsay, it was admitted without objection and is sufficient to support the finding that appellant agreed and intended to contract to pay all of the 1942 tax. (*Powers* v. *Board of Public Works*, 216 Cal. 546, 552 [15 P.2d 156] ; *Nelson* v. *Fernando Nelson & Sons*, 5 Cal.2d 511, 518 [55 P.2d 859] ; *Weiss* v. *Bank of America*, 57 Cal.App.2d 892, 895 [135 P.2d 584].)

■ Appellant and Mr. Drobisch both gave testimony in conflict with that of Mr. Isaacs. It is urged that for this reason the evidence was not clear and convincing. There is nothing in the point. It is settled that "a mere conflict of testimony as to the mistake does not necessitate a denial of the relief," the decision of the trial court upon the weight of the conflicting evidence being conclusive on appeal. (*Hercules Gasoline Co.* v. *Security Ins. Co.*, 122 Cal.App. 499, 502-3 [10 P.2d 128] ; *Home & Farm Co.* v. *Freitas*, 153 Cal. 680, 684 [96 P. 308] ; *Sullivan* v. *Moorhead*, 99 Cal. 157, 161 [33 P. 796] ; *California Packing Corp.* v. *Larsen*, 187 Cal. 610, 613, 614 [203 P. 102].)

■ Finally, appellant claims that respondent is barred from relief by her attorney's negligence in not noticing the mistake in the agreement as written. Whether the failure to discover a mistake in a written document is inexcusable negligence so as to bar a party from the right to reformation is a question of fact for the trial court. " 'It has been frequently decided that the mere failure of a party to read an instrument with sufficient attention to perceive an error or defect in its contents will not prevent its reformation at the instance of the party who executes it carelessly.' " (*California Packing Corp.* v. *Larsen*, 187 Cal. 610, 614 [203 P. 102] ; *Los Angeles & R. R. Co.* v. *New Liverpool S. Co.*, 150 Cal. 21, 27 [87 P. 1029] ; *Hanlon* v. *Western Loan & Bldg. Co.*, 46 Cal.App.2d 580, 597-8 [116 P.2d 465].)

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.