[Civ. No. 15847.  Second Dist., Div. Two.  May 8, 1947.]

EDITH H. BISHOP, Respondent, v. DANIEL A. RAINBOLDT, Appellant.

A. G. Van Deventer for Appellant.

Archie McWilliam and Henry F. Walker for Respondent.

WILSON, J.—Action to quiet title to real property. Appellant answered asserting a possessory interest in the second floor of the building located on the property by reason of a lease dated January 31, 1935, and a written extension thereof dated May 31, 1939.

The court found (1) that respondent is the owner in fee and entitled to possession of the property; (2) that the lease and the extension above mentioned were executed by respondent; (3) that the memorandum of May 31, 1939, was intentionally altered in a material way by appellant who was entitled to benefits under the contract, and that the alteration was made while the agreement was in appellant's exclusive possession and under his control; that the alteration consisted of a change in the figure "1950" to "1955" and thereby the agreement as executed by respondent extending the lease to February 28, 1950, was altered so as to extend it to February 28, 1955; (4) that respondent did not consent to the alteration and had no knowledge of it until February, 1945; (5) that only one copy of the agreement dated May 31, 1939, was executed and that it was always in the possession and under the control of appellant; (6) that appellant was not in rightful possession of the second floor of the building as alleged in his answer.

The judgment quieted respondent's title against appellant's claims to any part of the property and decreed that respondent have and recover possession of the entire property.

Appellant has appealed from the judgment and from the order denying a new trial. The latter is a nonappealable order and the appeal therefrom will be dismissed.

■ Appellant contends that the evidence is insufficient to sustain findings (3) and (4) above outlined.

Under date of January 31, 1935, respondent executed a lease to appellant covering the second floor of the building on the property for the term beginning February 1, 1935, and ending on the last day of February, 1940. Appellant was granted an option to lease the premises for an additional five-year period. The option was exercised on October 17, 1935, and the lease was thereby extended to February 28, 1945.

In May, 1939, appellant, who was a practicing dentist, desired a further extension of the term of the lease and rights that were not given him by the original lease, such as parking privileges, the right to erect electric signs on the roof, and permission to make certain alterations in the premises. His attorney prepared a memorandum of agreement embodying all the changes he desired and thereafter respondent and appellant met in the latter's office, no one else being present. At the conclusion of their conference one copy of the agreement was signed by the parties and it was retained by appellant. Respondent did not see it again until some time in 1945.

As originally drafted the agreement provided for an extension of the term of the lease from February 28, 1945, to February 28, 1955. Appellant testified that the last figure "5" in the latter date was not clearly typed and that during the conference between the parties he traced the figure in ink over the typed figure.

Respondent testified that when she received the typed draft of the document the figure was "1955"; that she objected to the date; that she would not have signed it with that date as the expiration year; that she wrote a cipher "0" over the last figure "5" in the date, making the expiration year "1950." Both parties initialed the change.

Appellant contends that respondent's testimony is not worthy of belief because in responding to further questions on cross-examination she was confused and that taking her testimony as a whole it cannot be determined whether she or appellant made the alteration. By its findings the court has

resolved the confusion in respondent's testimony as well as the conflict between her evidence and that of appellant and we need pursue the inquiry no further.

Clark Sellers, an examiner of questioned documents, testified that underneath the figure "5" as it now appears in the document there was both a typewritten figure and an ink figure; that both had been erased and subsequently the ink figure "5" now in the document was placed over that area. Because of the erasure he was unable to say what figure had been effaced, but he stated that the erased ink numeral "is closed on the left side, which would indicate that it was a cipher." This confirms respondent's testimony that she wrote "0" over the typed figure "5."

When appellant wrote the figure "5" after the document had been signed and while he was the sole possessor of the only signed copy, he apparently was not aware of the modern scientific methods of comparing inks after they have been applied to paper. On the page on which the questioned alteration occurs there are other alterations in ink, each one of which is initialed by appellant and by respondent. Mr. Sellers testified that all the alterations and all the initials were written with the same ink except the figure "5" in question, and that the ink used in writing that figure is different from all other ink on the page. The difference found by the expert demonstrates that appellant's scheme was totally lacking in the ingenuity with which the author of the fraud thought it to be imbued. The preponderance of the evidence is that appellant made the alteration after the document had been signed and left in his possession and that respondent did not know of or consent to the change.

▇ Appellant alleges error in the admission of evidence relating to the alteration because he did not have notice as required by section 448 of the Code of Civil Procedure that the genuineness of the document would be questioned. The objection is without merit. Since a copy of the document was not set forth in appellant's answer respondent was not required to file an affidavit denying the genuineness and due execution of the instrument (§ 448), and there was no occasion to put in issue, by pleading or affidavit, a mistake or imperfection in the writing. Moreover, the burden rested on appellant to account for the alteration. (Code Civ. Proc., § 1982.) He assumed the burden, stipulated to respondent's ownership of the property and offered himself as the first

witness in his effort to establish the genuineness of the instrument and his right of possession thereunder.

 Appellant asserts that since, according to respondent's evidence, she intended to extend the lease to February 28, 1950, he is entitled to retain possession until that date and that the court erred in rendering judgment for respondent's immediate possession. His own act has deprived him of all rights whatsoever under the lease and its purported extension. The intentional or material alteration of a written contract by a party entitled to any benefit under it destroys the integrity of the instrument and extinguishes all executory obligations of the contract in his favor. (Civ. Code, § 1700; *California Savings & Com. Bank* v. *Wheeler*, 216 Cal. 742, 746 [16 P.2d 737]; *Walsh* v. *Hunt*, 120 Cal. 46, 50 [52 P. 115, 39 L.R.A. 697]; *Nissen* v. *Ehrenpfort*, 42 Cal.App. 593, 594 [183 P. 956].)

Judgment affirmed. Appeal from order denying new trial dismissed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied May 22, 1947, and appellant's petition for a hearing by the Supreme Court was denied June 30, 1947.