[Civ. No. 5182.   Fourth Dist.   Aug. 8, 1956.]

FRANK MILES FLINT et al., Appellants, v. FREDERICK HENRY HECKER, Respondent.

Freda B. Walbrecht for Appellants.

William J. Cusack for Respondent.

BARNARD, P. J.—This is an action to set aside the judgment entered in two prior actions which were consolidated for trial. In these former actions, which were filed on April 1, 1953, these plaintiffs sought to establish a constructive trust as against the defendant, and each of them sought to quiet his title to a one-fourth interest in 80 acres of land. The defendant Hecker answered and sought to have title quieted in him. At the trial, it was conceded that the three one-fourth interests which Hecker had acquired by a tax

deed in 1944 did not include the one-fourth interest which was held in the Anna Hecker trust, in which Hecker was the trustee. The court there found that the interests claimed by the plaintiffs were conveyed to Hecker by a tax deed dated October 31, 1944, which was recorded on July 26, 1946; that there was no constructive trust; that Hecker had been in adverse possession for more than five years; that the plaintiffs' claims were barred by the statutes of limitation; and that neither of the plaintiffs had any interest in the property in question. Judgment was entered quieting title in the defendant Hecker, which was affirmed on appeal. (*Metcalf* v. *Hecker*, 127 Cal.App.2d 634 [274 P.2d 188].) The general factual background is set forth in that opinion.

This action was brought on May 9, 1955, seeking to set aside that judgment on the ground of extrinsic mistake and fraud. This is based on the claim that in the former action these plaintiffs mistakenly believed that the three one-fourth interests which Hecker had purchased at the tax sale in 1944 did not include a one-fourth interest which was in the Anna Hecker trust, and that they had subsequently discovered that the trust's one-fourth interest was one of those purchased by Hecker at said tax sale and that his tax deed did not convey to him the one-fourth interest which had been owned by John Metcalf.

The complaint in this action alleges that at the tax sale on October 31, 1944, Hecker purchased the interests of Marie Lamb, Albert Metcalf, and the Anna Hecker trust while he was acting as trustee of said trust estate; that Hecker thereafter represented to John Metcalf, the former husband of the plaintiff May Metcalf and the predecessor in interest of the plaintiff Flint, that he had purchased the John Metcalf interest at said tax sale; that Marie Lamb conveyed her one-fourth interest to May Metcalf on April 24, 1945; that John Metcalf deeded his one-fourth interest to Flint on October 6, 1951; that John Metcalf and May Metcalf filed a partition action in September, 1947, asking that the respective rights of the parties be adjudged and decreed; that Hecker filed an answer in that action alleging that he owned a three-fourths interest in the property, but that this did not conflict with the ownership of the one-fourth interest under the Anna Hecker trust; that Hecker knew at all times that he had not purchased the interest of John Metcalf but that he had purchased the interest of the Anna Hecker trust; that he concealed from Flint and Marie Lamb the fact that he had

not purchased the John Metcalf interest; that the former judgment was obtained by Hecker through his fraud and the mistake of the plaintiffs by reason of the fact that since Hecker claimed that the three one-fourth interests he had purchased did not include the trust interest the plaintiffs commenced the quiet title actions, in which the judgment was entered, for the purpose of establishing a constructive trust as to their interests in the property; that "the record on its face was so confusing" that the deed from the tax collector to Hecker "did not disclose the true facts"; that plaintiffs filed those actions under the mistaken belief that Hecker had purchased their interests at the tax sale and had entered into possession under color of title; that if Hecker had not concealed the true facts the plaintiffs would have brought an action for quiet title and for ejectment; that at the trial Hecker's counsel represented to the court that Hecker had not purchased the trust interest but had purchased the John Metcalf interest; that relying on this representation the plaintiffs' counsel stipulated to such facts; that plaintiffs were thus prevented from having a true trial of said issue; that this was extrinsic fraud; that this matter was material since a different rule applies, with respect to adverse possession, where one is claiming through color of title and where one is claiming without color of title; and that at the trial the assessor produced the assessment and delinquent rolls for 1932 and 1933, on which after the interest assessed to John Metcalf someone had written "Sold to F. H. Hecker October 31, 1944," and also someone had written "Redeemed by F. H. Hecker, November 29, 1949." It was further alleged that the plaintiffs first learned in June, 1954, that this judgment had been obtained on such mistake and fraudulent representation; that plaintiffs then obtained a certified copy of a tax statement showing "the payment of the taxes on the John Metcalf interest under the five year plan in 1946-1949," certified copies of "various tax receipts and redemption payments," and copies of "published notices of sale"; that it clearly appears that the John Metcalf interest was not sold at tax sale; and that Hecker had copies of the notices setting forth the interest to be sold.

The court sustained a demurrer to the complaint without leave to amend, pointing out in a letter to counsel that no extrinsic fraud was alleged; that Hecker had color of title under his tax deed; that the mistake relied on was intrinsic in nature; and that the issue as to plaintiffs' title

had been determined. A judgment of dismissal was entered, from which the plaintiffs have appealed.

The appellants contend that the amended complaint sets forth a cause of action for extrinsic mistake as well as extrinsic fraud; that by reason of the extrinsic mistake and fraud there was no trial of the issues in the former action; that constructive fraud is an exception to the extrinsic fraud rule; that plaintiffs' mistake was extrinsic in character; and that equity should intervene to prevent the respondent from unjustly enriching himself at the expense of the appellants. It is argued that while John Metcalf, who was a practicing attorney, may have once known that his interest was not sold at the tax sale he did not know this fact, or had forgotten it, at the time he conveyed his interest to the appellant Flint; that the extrinsic fraud involved in this case "results from the actions of defendant Hecker in purchasing the trust property while he was trustee"; that this amounted to constructive fraud and the plaintiff was prevented from having a fair trial on the actual issues involved; and that appellants' mistake "grew out of or was added to by the fraud and deceit of the defendant, who sat silent at times when he could have clarified the situation and revealed the mistake that had been made."

Whether or not there had been constructive fraud on the part of Hecker was one of the main issues raised and determined in the prior actions, which resulted in the judgment which became final. Having there presented that issue as based on certain grounds, the appellants now attempt to again present it on different grounds. Whether these appellants had any rightful interest in the property was the specific question involved in the prior actions. They were quiet title actions which involved, among other things, the facts shown by the public records. Appellants' entire claim is, in effect, that the former actions were tried on the wrong theory, that they later discovered facts which would have justified a different theory, and that the respondent knew some of the different facts which he did not disclose. As was pointed out in *Jorgensen* v. *Jorgensen*, 32 Cal.2d 13 [193 P.2d 728], ". . . a party who failed to assemble all his evidence at the trial should not be privileged to relitigate a case," unless he has been deprived of a fair opportunity to present his case.

Whether fraud is actual or constructive it must, under established rules, still be extrinsic fraud in order to set aside a judgment. There was no confidential relationship here at

the time the former actions were filed or tried which required the respondent to disclose any further information, if he had any, to the appellants. He had been claiming ownership of the property since 1944. One of the appellants acquired her interest in 1946, and the other acquired his interest in 1951. In another action filed in 1947, seeking a determination as to the ownership of this property, Hecker had appeared and claimed ownership of the property in question. Hecker had formerly been trustee of the Anna Hecker trust, which owned another one-fourth interest, but resigned as such trustee in 1950 during the hearing of a petition for his removal because of claimed breaches of his trust duties. He was claiming the property when the action was brought in 1953, and was under no duty to aid the appellants in prosecuting their side of the case. Whatever he had said before, he did nothing to keep any evidence from them and they had a full opportunity to bring in all of the records. The main allegations of the complaint in the present action depend upon proving facts which appeared in public records and official documents, and which were available at the trial of the former actions. ■ Some of the matters in question do not appear on the face of the complaint in this action, but they appear in the record on the former appeal and may be considered in determining whether this complaint sets forth a cause of action. (*Hammell* v. *Britton*, 19 Cal.2d 72 [119 P.2d 333].) If any fraud appears it was not extrinsic fraud. ■ The appellants' claim of interest in the property was determined against them in the prior judgment, and the allegations of the present complaint are not sufficient to show that anything was done by the respondent which prevented the appellants from fully presenting the facts shown by the public records at the trial of the former actions. It is unnecessary to consider the cases cited by the appellants, which are distinguishable upon their facts. This property has been in litigation since 1947, during which time the parties have been dealing at arm's length, and the complaint fails to set forth sufficient facts to justify the relief asked for. (*Westphal* v. *Westphal*, 20 Cal.2d 393 [126 P.2d 105] ; *American Borax Co.* v. *Carmichael*, 123 Cal.App.2d 204 [266 P.2d 531].)

The judgment is affirmed.

Mussell, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 4, 1956.