SHEPARD, Acting P. J.
 

 This is an appeal by plaintiff, Voge, Inc., a corporation, and two cross-defendants, Eilert Voge and Wilma P. Voge, his wife (all three being hereinafter called Voge) from a judgment in favor of defendants and cross-plaintiffs, George H. Rose and Margaret Rose, his wife (hereinafter called Rose), correcting and reforming the legal description of certain land in the complaint, findings of fact, conclusions of law and judgment in a prior action between the parties hereto.
 

 
 *536
 
 Facts
 

 In substantial essence, the record before us shows that on March 20, 1956, Rose brought an action (Superior Court of Orange County No. 68069) against Voge, alleging that Eilert Voge was employed as a real estate broker by. Rose to buy a certain parcel of land; that Voge did buy the land for Rose but caused title to be taken in the name of Voge, Inc., the
 
 alter ego
 
 of Eilert and Wilma; that Voge held the title in trust for Rose. Issue was joined, the action was tried and judgment was rendered in Rose’s favor, ordering transfer of title to Rose on condition Rose repay expense laid out by Voge.
 

 In said action the property was identified as 10% acres generally known as 2330 West First Street, Santa Ana, owned by Flake Smith and Edith Smith, subject of escrow No. 210431 at Title Insurance and Trust Company, Santa Ana, upon sale of which a broker’s commission was paid to Voge and which was covered by a deed of trust to said Flake and Edith Smith. However, unknown to either Rose or the Court, but possibly known to Voge, the legal description used in the complaint, the findings of fact, the conclusions of law and the judgment failed to correctly describe all of said parcel subject of said action, in that said description, at the end of the first paragraph thereof referring to Lot 3, contained the words, “Except the Southerly 150 feet thereof.” This error, if persisted in, would cut the size of the adjudicated parcel to about 9 acres, leaving about 1% acres in the legal ownership of Voge. Voge failed to disclose to either Rose or the court the error in legal description, but received and accepted a full real estate broker commission on the whole parcel as well as accounting credit on expenses and income on the whole parcel. Voge appealed from the judgment but ultimately dismissed the appeal and deeded the property to Rose, using the same erroneous description contained in the judgment.
 

 More than six months after the entry of the judgment and after said deed was executed by Voge and recorded, Rose discovered the error in legal description. Rose demanded a corrected deed from Voge which Voge refused. Rose then paid to the Smiths the amount of their trust deed encumbrance, took an assignment thereof in the name of a third party and sought to foreclose as to said excepted south 150 feet of Lot 3, legal title to which still remained in Voge. Rose also struck said erroneous exception from the legal description given in the deed from Voge to Rose and rerecorded the deed.
 

 Voge thereafter filed the present action seeking to prohibit
 
 *537
 
 foreclosure of the deed of trust, seeking reconveyance of all the property on the ground that Rose had failed to comply with the condition required of Rose by the judgment in action 68069, or in the alternative, clearing of Voge’s title in the 1% acres excepted by the legal description contained in the judgment, or in the further alternative, a marshalling of assets. Rose cross-complained seeking correction and reformation of the complaint, findings of fact, conclusions of law and judgment in action 68069 so as to eliminate the erroneously inserted exception of the south 150 feet of Lot 3 contained in the legal description of land used in said documents. Judgment was rendered in favor of Rose, correcting said documents and ordering Voge to execute a corrected deed in accord therewith. Voge moved for a new trial, to set aside the judgment and enter a new and different judgment. Said motions were denied and Voge appeals.
 

 Mistake Correction
 

 Voge contends first that equity will not grant relief because Rose prevailed in the prior action and cites
 
 Westphal
 
 v. Westphal, 20 Cal.2d 393, 397 [126 P.2d 105], in support thereof. This contention is-based on the assumption that the cross-complaint was, in effect, an attempt to reopen for re-litigation the issues in case No. 68069. With this basic premise we cannot agree. The present action clearly and unequivocally was for reformation and sought only the correction of a legal description, which through a mistake then unknown to Rose or to the trial court did not correctly describe the 10%-aere parcel which Voge had been commissioned as real estate broker to buy on Rose’s behalf and which was the real and only subject of litigation in action No. 68069. The entire file in that action was received in evidence and is before us. Voge either knew or did not know that the legal description contained in the complaint, findings of fact, conclusions of law and judgment did not cover all of the parcel which the record in that case clearly shows was the real and only subject of litigation.
 

 However, the record clearly supports the trial court’s conclusion in the present action that in case No. 68069, neither the trial court nor Rose suspected the error in description and that -Voge did not disclose the error, if he knew of it. Nothing in that record gives any inkling that any of the parties were considering any division of the parcel or anything except the whole parcel. Every portion of that file, excepting solely the legal misdescription, is exactly contrary to any eon
 
 *538
 
 tention that Yoge was to have any interest in any separate portion thereof. The pleadings, findings, conclusions and judgment show that the parties were litigating the ownership in either Yoge or Rose of the whole parcel, unsegregated. The
 
 Westphal
 
 case is not in point.
 

 Here, the principles of Civil Code section 3399 are applicable although not directly addressed to judgments as such. It reads,
 

 “3399. When Contract Mat be Revised. When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value.”
 

 Reformation under these principles has long been recognized in California.
 
 (Los Angeles
 
 &
 
 Redondo R. R. Co.
 
 v.
 
 New Liverpool Salt Co.,
 
 150 Cal. 21, 25 [87 P. 1029];
 
 California Packing Corp.
 
 v.
 
 Larsen,
 
 187 Cal. 610, 613 [2] [203 P. 102];
 
 California Trust Co.
 
 v.
 
 Cohn,
 
 214 Cal. 619, 626 [5] [7 P.2d 297];
 
 Engebrecht
 
 v.
 
 Shelton,
 
 69 Cal.App.2d 151, 152 [1] [158 P.2d 570];
 
 Campbell
 
 v.
 
 Republic Indemnity Co.,
 
 149 Cal.App.2d 476, 480 [1] [308 P.2d 425].)
 

 We are satisfied that a court of equity, when it becomes convinced that a mistake occurred of a kind here found, has power to correct such mistake. This power was recognized in the early ease of
 
 Quivey
 
 v.
 
 Baker,
 
 37 Cal. 465, in which an error of legal description was carried completely through pleadings, judgment, execution, sale and sheriff’s deed. There the court said, at page 471, . . we do not perceive why a Court of equity may not reform mistakes in judgment or decrees, in like manner as in written instruments.”
 

 Referring to the claim that only the original instrument might be reformed, the court said further, on page 472, “But a Court of equity does not administer justice on these narrow principles. It will not only go back to the original error and reform it, but will administer complete justice, by correcting all subsequent mistakes which grew out of and were superinduced by the first. It would be a vain thing to reform the first and perpetuate the last, by refusing to disturb it. The rule in equity is to do nothing by halves; but, in proper eases, to administer a full measure of relief, so as to avoid circuity of action and promote the ends of justice. ’ ’
 

 As was said in
 
 Dunning Brothers Co.
 
 v.
 
 Johnson,
 
 47 Cal.
 
 *539
 
 App. 397 [190 P. 829], at page 399, in speaking of an erroneous description carried from a deed into pleadings and judgment in a quiet title action, “That a court of equity has the power to correct a mistake like the one here in question is too plain to admit of doubt.” See also
 
 Busey
 
 v.
 
 Moraga,
 
 130 Cal. 586, 588 [62 P. 1081];
 
 Douglass
 
 v.
 
 Dahm,
 
 101 Cal.App.2d 125, 128 [1-4] [224 P.2d 914];
 
 Hanlon
 
 v.
 
 Western Loan & Bldg. Co.,
 
 46 Cal.App.2d 580, 601 [14] [116 P.2d 465];
 
 Renshaw
 
 v.
 
 Happy Valley Water Co.,
 
 114 Cal.App.2d 521, 524 [1-3] [250 P.2d 612].
 

 Negligence oe Rose
 

 yoge next contends that equitable relief should have been denied to Rose because the erroneous description occurred through the negligence of Rose. We recognize the rule enunciated in many cases that equity will often refuse to grant relief where it finds the mistake occurred through the inexcusable negligence of the person seeking such relief.
 
 (Wilson
 
 v.
 
 Wilson,
 
 55 Cal.App.2d 421 [130 P.2d 782];
 
 Flint
 
 v.
 
 Hecker,
 
 143 Cal.App.2d 762 [300 P.2d
 
 57]; Jorgensen
 
 v.
 
 Jorgensen,
 
 32 Cal.2d 13 [193 P.2d 728].)
 

 However, it must be remembered that the whole system of equity jurisprudence, originating in the courts of the King’s Conscience, was to alleviate the wrongs created by the rigidity of the common law. Equity instituted the flexibility which enabled courts to do generally that which in good conscience ought to be done in the problems of the disputants. There is no flat or unequivocal rule in this state that all negligence on the part of the petitioning party will bar reformation. The rule is sufficiently flexible to excuse that negligence which a person of ordinary prudence might have been guilty of. As was said in
 
 Los Angeles & Redondo R. R. Co.
 
 v.
 
 New Liverpool Salt Co., supra,
 
 at page 28, “There was, it is true, some negligence on the part of the plaintiff in the case at bar. But it was an inadvertence of a character which will sometimes occur in the conduct of men of prudence and caution. ’ ’
 

 In
 
 California Racking Corp.
 
 v.
 
 Larsen, supra,
 
 at page 614, discussing whether or not negligence will bar relief, the court said, “But whether or not it does so must depend upon the circumstances of the particular case.”
 

 In reviewing the entire subject of negligence as a bar to relief, the court said in
 
 Van Meter
 
 v.
 
 Bent Construction Co.,
 
 46 Cal.2d 588 [297 P.2d 644], at 594 [4], “It is settled that, even in the absence of any misrepresentation, the negligent failure of a party to know or discover facts as to which both
 
 *540
 
 parties are under a mistake does not preclude rescission or reformation because of the mistake.”
 

 In
 
 Tieso
 
 v.
 
 Tieso,
 
 67 Cal.App.2d 872, 877 [7] [155 P.2d 659], the court said, “Whether the failure to discover a mistake in a written document is inexcusable negligence so as to bar a party from the right to reformation is a question of fact for the trial court. ’ ’
 

 . In the case here at bar Voge has pointed to nothing and wé have found nothing that shows that the trial court or Rose or even Voge was aware that anything less than title to the whole 10% acres was in issue in action No. 68069 or that any of the parties knew that the legal description was erroneous. In Voge’s answer he did not suggest that he claimed any divisible part of the parcel. He and his associate received a real estate broker’s commission on the whole purchase price. The accounting on income and expenses covered all of the parcel, not just a portion of it. The encumbrance on the whole property was charged to Rose without any suggestion to the contrary by Voge. Thus it is clear that the trial court dealt with the whole property as a single unit and knew nothing of any segregated claim by Voge'. On the evidence, the trial court would have been fully. justified in finding that Voge knew nothing of the error in legal description until it was called to his attention by Rose more than six months after entry of judgment. Whether this is true or whether, knowing the facts, he failed in his fiduciary duty as Rose’s broker to reveal to his principal all the facts known to him, is of no consequence in the case here before us. The trial court in action No. 68069 did not have before it and did not pass on the question of a segregated interest by Voge. Voge claimed none and Rose knew nothing of it.
 

 Testimony of Trial Judge
 

 Next, Voge claims prejudicial error in permitting Hon. John Shea, the trial judge in action No. 68069, to testify as to his recollection of what was before him in said prior action. Voge cites in support of this claim
 
 Sellar
 
 v.
 
 Sellar,
 
 158 Cal.App.2d 286 [322 P.2d 219]. We assume the reference intended is to page 290 [4] of the opinion. No explanation is made as to how it is thought to apply to the present ease. The testimony of Judge Shea had as its purpose the disclosure of whether or not the evidence, aside from the pleadings, developed any issues regarding segregated , parcels as distinguished from the whole. Judge Shea’s testimony was largely confined to a recitation of the substance of the evidence and
 
 *541
 
 issues called to his attention during the trial. While a transcript of the testimony might have been received for this purpose, ndne was offered by either side. Certainly the pleadings presented no issue other than title to the whole parcel and the only way to determine whether or not the evidence itself extended an issue of - divisible title was by a transcript or by oral testimony of some one present. We find nothing in the
 
 Sellar
 
 case to the contrary.
 

 Alteration op Deed
 

 Next Voge contends that because, after the deed was received by Rose from Voge, Rose altered it by striking the exception therefrom and rerecording it, the entire deed is void and Rose has no interest in any of the property, citing
 
 California Savings etc. Bank
 
 v.
 
 Wheeler,
 
 216 Cal. 742 [16 P. 2d 737] and
 
 Bishop
 
 v.
 
 Rainboldt,
 
 79 Cal.App.2d 568 [180 P.2d 416]. Bach of those cases involved executory contracts, a mortgage in the first and a lease in the second. The deed here in question was altered some time after recordation and after its executory function ceased. Whatever title • passed by the deed, passed at the time of delivery. It was not thereafter executory. The alteration was made by Rose in an attempt on his part to make it speak what he thought was the truth. His act was a nullity. It neither helped nor harmed his case. Nothing in the cited cases is to the contrary.
 

 Laches
 

 Voge also contends that Rose is barred by laches. The judgment in action No. 68069 was entered May 7, 1957. Voge appealed but dismissed the appeal Jan. 13, 1958, and executed the deed Jan. 17, 1958. Rose discovered the error some time in August 1958 and rerecorded the deed with the exception deleted. Then ensued negotiations between the parties in an attempt to secure from Voge a correct deed. The negotiations were unsuccessful. Rose then sought to foreclose the deed of trust on the excepted parcel. On May 22, 1959, Voge brought an action to enjoin the foreclosure. On June 19, 1959, Rose filed the cross-complaint for reformation.
 

 Voge claims the dismissal of his appeal was actuated in some way by Rose’s delay. Actually, it was not Rose that was delaying at that time, but rather, it was Voge. Voge did not, even then, disclose the error in description. The authorities cited by Voge,
 
 Kleinclaus
 
 v.
 
 Dutard,
 
 147 Cal. 245 [81 P. 516],
 
 Akley
 
 v.
 
 Bassett,
 
 68 Cal.App. 270 [228 P. 1057],
 
 Cowan
 
 v.
 
 Union Trust Co,,
 
 38 Cal.App. 203 [175 P. 799] and
 
 Livermore
 
 
 *542
 
 v.
 
 Beal,
 
 18 Cal.App.2d 535 [64 P.2d 987], involved delays of 35, 17, 15 and 6 years respectively. As was said in the
 
 Cowan
 
 case at page 204, “The question as to what length of time will constitute a defense on the ground of laches must necessarily be determined by the circumstances of each ease, and is addressed to the sound discretion of the chancellor.”
 

 The trial court was entitled to conclude that the appeal was dismissed to secure the release of money from escrow. It was not compelled to believe that Voge even knew of the description error at that time. Certainly Voge did not reveal it.
 

 The attempted appeals from the order denying the motion for a new trial and from the order denying the motion for an order setting aside the judgment and to enter a new and different judgment, since such orders are not appealable
 
 (Reeves
 
 v.
 
 Reeves,
 
 34 Cal.2d 355, 357 [1] [209 P.2d 937];
 
 Uppman
 
 v.
 
 Eyraud,
 
 151 Cal.App.2d 728, 731 [4] [312 P.2d 57]), are dismissed.
 

 The judgment is affirmed.
 

 Coughlin, J., concurred.
 

 A petition for a rehearing was denied August 2, 1962, and appellants’ petition for a hearing by the Supreme Court was denied September 5, 1962.